FILED
SUPERIOR COURT
OF GUAM

2021 MAY -7 PM 2: 55

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0097-12**<br>GPD Report No. 09-07141 |
| v. | |
| **MARCELINO YSAOL,**<br>DOB: 04/06/1963 | **DECISION AND ORDER**<br>**DENYING DEFENDANT'S**<br>**MOTION FOR RECONSIDERATION** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 22, 2021 for hearing on Defendant Marcelino Ysaol's ("Defendant's") Motion for Reconsideration ("Motion"). Assistant Attorney General Rolland B.C. Wimberley represents the People, and Assistant Public Defender Earl Anthony V. Espiritu represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

The Guam Police Department arrested Defendant on March 14, 2009. Complaint (Jan. 25, 2012). The Government then filed a criminal complaint, charging Defendant with Driving While Under the Influence of Alcohol (as a Misdemeanor) and Driving While Under the Influence of Alcohol (BAC) (as a Misdemeanor) on January 25, 2012. Id. A breath test revealed Defendant had a BAC of 0.213 at the time of his arrest. Id.

On March 7, 2012, the Court held an arraignment, at which Defendant was not present. Min. Entry (Mar. 7, 2012). The Court subsequently issued a Bench Warrant for Defendant's failure to appear at the hearing. Bench Warrant (Mar. 7, 2012). No further action took place on this case

Decision and Order Denying Defendant's Motion for Reconsideration
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 1 of 5

until February 21, 2020, at which point Defendant was arrested on the Bench Warrant. Return of Warrant Service (Feb. 21, 2020). Defendant was subsequently arraigned on February 26, 2020 and March 4, 2020. Min. Entry (Feb. 26, 2020); Min Entry (Mar. 4, 2020).

On December 15, 2020, Defendant filed his Motion to Dismiss, seeking to dismiss the charges against him "in light of the Government's unreasonable delay in prosecution, as well as on *de minimus* grounds." Motion to Dismiss at 1 (Dec. 15, 2020). The People filed their Opposition on January 8, 2021.

The Court denied Defendant's Motion to Dismiss after a hearing on January 20, 2021. Decision and Order Denying Defendant's Motion to Dismiss (Mar. 2, 2021).

Defendant filed this present Motion for Reconsideration on March 8, 2021. Defendant requests reconsideration of the Court's speedy trial analysis on grounds that the Court refrained from considering material facts presented and established legal precedent. Motion at 2. The People filed their Opposition on March 15, 2021.

The Court held a hearing on April 22, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **Defendant's speedy trial rights have not been violated, and do not warrant dismissal.**

The Sixth Amendment right to a speedy trial attaches "upon the filing of a complaint in misdemeanor cases." *People v. Stephen*, 2009 Guam 8 ¶ 12. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court shall consider the specific circumstances of the case. This includes: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay." *Id.* ¶ 14.

Regarding the length of the delay, a complaint shall be dismissed when a defendant is not promptly arraigned within sixty (60) days of the filing of the complaint. *People v. Rasauo*, 2011 Guam 14 ¶ 1. Here, the delay between the February 26 & March 4, 2020 arraignment was roughly eight years following when the charges were brought in January

Decision and Order Denying Defendant's Motion for Reconsideration
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 2 of 5

2012. Normally this would justify dismissal of the complaint unless good cause can be shown. Id.

There exists good cause justifying this delay, regardless of what Defendant argues. Magistrate Judge Alberto E. Tolentino issued a bench warrant on March 7, 2012, which stated "reasonable and diligent attempts were made by the Deputy Marshal to personally serve the defendant a copy of the Summons, but without any success." (Bench Warrant, Mar. 7, 2012). Numerous attempts were in fact made to find the Defendant, but contact could not be made following Defendant's decision to skip his March 7, 2012 arraignment.

Any period of delay resulting from the absence or unavailability of the defendant shall be excluded in computing the time within which an information or an indictment must be filed. (18 U.S. Code § 3161(h)(3)(A)). There is no delay attributable to the court or by prosecution because the delay was caused by Defendant and his own failure to appear. Thus, Defendant's speedy trial rights were tolled by his own absence.

When determining whether a defendant's speedy trial rights have been violated, prejudice resulting from the delay is just one of four factors to consider. *People v. Stephen* at 14. Defendant may find it difficult to clearly recall the specifics of the event due to the passage of time. However, any such prejudice was the result of Defendant's own failure to appear. All of the remaining factors in *Stephen* point against dismissal, and their collective weights show that the Defendant's speedy trial rights have not been violated.

Lastly, allowing this motion to succeed would send the message that criminal Defendants can avoid answering to their charges by purposefully skipping their scheduled court hearings and waiting in hiding until enough time has passed. This is certainly not the message or takeaway the Court should give out.

**II.** **The facts of this case justify a departure from any past precedent set due to the seriousness of the manner in which Defendant allegedly committed this crime and the cause of the delay.**

Defendant also seeks reconsideration in light of the doctrine of *stare decisis*. Motion at 3. Under that doctrine, "prior applicable precedent *usually* must be followed even though

Decision and Order Denying Defendant's Motion for Reconsideration
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 3 of 5

the case, if considered anew, might be decided differently by the current justices." *People v. Ramey*, 2019 Guam 11 ¶ 17 (citing *Duenas v. Brady*, 2008 Guam 27 ¶ 17 n.4) (*emphasis added*). However, "the doctrine of *stare decisis* is flexible and permits us to depart from our own precedent in an appropriate case." Id. at ¶ 17.

Defendant points to four Decision and Orders from previous cases as precedent. Motion at 4. However, the manner in which Defendant allegedly committed this crime is significantly more serious than the defendants in those other cases. The Defendant here blew a 0.213 on the breathalyzer, more than two and a half times the legal limit. Complaint (Jan. 25, 2012). There was no breathalyzer evidence against the defendants in CM1588-98, CM0981-08, and CM0424-01. *See* CM1588-98 Complaint (Oct. 23, 1998); CM0981-08 Complaint (Oct. 27, 2008); CM0424-01 Complaint (Jul. 9, 2001). This Defendant's breathalyzer results are also more than one and a half times that of the defendant in CM0559-11. *See* CM0599-11 Complaint (May 4, 2011).

This case also differs from the others because here no blame for the delay is attributable to the Court or the People. A bench warrant was issued by Magistrate Judge Alberto E. Tolentino and multiple reasonable and diligent efforts were made to personally serve the Defendant in this case. The delay was due to Defendant skipping his Arraignment and avoiding personal service by the Deputy Marshalls.

This case possesses significantly different fact patterns than the others concerning the manner in which the crimes were committed and the reason for the delay. This justifies a departure from any past precedent set.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's Motion. The case will not be dismissed.

**IT IS SO ORDERED** this __May 7, 2021__ *nunc pro tunc* to April 22, 2021.

Decision and Order Denying Defendant's Motion for Reconsideration
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 4 of 5



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion for Reconsideration
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 5 of 5